THE HOPE NATIONAL BANK, a Corporation, v. C. O. SMITH.

(165 N. W. 550.)

**Justice court — judgment — appeal to district court — appeal papers filed — jurisdiction — notice of trial — not necessary — record on appeal — transmission of — before trial — right to have.**

Where an action is commenced in the justice court, and judgment was rendered therein in favor of the plaintiff and against the defendant for the relief prayed for in the complaint, and after entry of such judgment, within thirty days, an appeal is taken to the district court, and notice of appeal is duly served, together with the proper undertaking, and afterwards duly filed in the district court, the district court acquires jurisdiction of such case, and such case is on the calendar of the district court for trial without any necessity of serving notice of trial; such case cannot ordinarily be tried in the district court, however, until the justice of the peace before whom such trial was had, transmits his record, which shall contain a certified copy of the justice's docket, the pleadings, and all notices, motions, and other papers filed in the cause. If the justice, or his successor in office, neglect or refuse to so transmit his record, he may be compelled to do so by the district court. Under § 9170, Compiled Laws of 1913, the plaintiff had a statutory right to have the certified record of the justice of the peace in the district court before he could be required to proceed to trial.

Opinion filed November 27, 1917.

Appeal from the District Court of Barnes County, Honorable *J. A. Coffey,* Judge.

Reversed.

Statement of facts by GRACE, J.:

This action was originally commenced in the justice court of Barnes county, before A. H. Beckley, a justice of the peace. The action is one of replevin to recover from the defendant the possession of a team of horses upon which the plaintiff had two valid and subsisting liens by virtue of two chattel mortgages.

In the justice court the plaintiff duly filed a verified complaint in writing and the usual affidavit, notice, and demand, together with a proper undertaking. The summons and complaint were duly served upon the defendant, and all of the papers filed with the justice of the peace. Both parties appeared by counsel; plaintiff by C. H. Shipley, and the defendant by Judge Courtney. The defendant pleaded orally, and the issues were duly joined. Trial was had without a jury. The promissory notes which such chattel mortgages secured, and certified copies of the chattel mortgages, were offered and received in evidence by the court. Witnesses for both parties were sworn and examined, and at the conclusion of the trial the court announced its decision granting judgment in favor of the plaintiff and against the defendant for the return and delivery of the team of horses, and for plaintiff's costs.

Within thirty days after the trial in the justice court the defendant served notice of appeal to the district court of Barnes county, furnishing a sufficient undertaking on appeal, and served a verified answer. The case was placed on the calendar of the district court of Barnes county. The case was continued over two successive terms by the consent of the counsel for both parties. On the 16th day of January, 1917, at the regular term of the district court of Barnes county, counsel for each of the parties being present, plaintiff appeared specially and moved the court to dismiss the defendant's appeal on the grounds that no certified copy of the record, docket entries, or exhibits had been certified to the district court by the justice of the peace. The defendant made a motion asking the court to make an order directing the said justice of the peace, A. H. Beckley, or his successor, to transmit forthwith a certified copy of the docket or record in the case. The court granted defendant's

motion on the condition that the defendant would pay the costs, if any, for the continuance of the case until the obtaining of the record, and, in the event that immediate steps were not taken to procure such record, that the appeal would be dismissed. The order of the court was never served upon the justice, and the record was never procured from the justice court or transmitted to the district court by the said justice or his successor in office.

*C. S. Shippey,* for appellant.

On appeal from justice court to the district court, the appellate court is without jurisdiction to proceed with the trial in the absence of a certified transcript of the justice court proceedings. That is, such proceedings and the record of the lower court shall be certified up to the district court before the respondent there can be forced to trial. Comp. Laws 1913, § 8170; Will J. Block Amusement Co. v. Case, 139 Ill. App. 73; Missouri, K. & T. R. Co. v. Hamilton, — Tex. Civ. App. —, 108 S. W. 1002; American Soda Fountain Co. v. Mason, 55 Tex. Civ. App. 532, 119 S. W. 714; 24 Cyc. 704, 709, and cases cited; Fargo v. Graves, 12 S. D. 293, 81 N. W. 291; Edminster v. Rathbun, 3 S. D. 129, 52 N. W. 263; Allard v. Smith, 120 Wis. 22, 97 N. W. 510.

The absence of a jurisdictional record cannot be supplied by presumption or parol. 2 Current Law, 663; 8 Current Law, 651; Kloss v. Sanford, 77 Minn. 510, 80 N. W. 628; Continental Ins. Co. v. Richardson, 69 Minn. 433, 72 N. W. 458; Barker v. David, 4 Penn. (Del.) 395, 55 Atl. 334; 24 Cyc. 703, and cases cited; Caster v. Scheuneman, 74 Neb. 243, 104 N. W. 152.

A trial means the judicial examination of the issues presented. Without the certified copy of the proceedings and all pleadings filed in the court below being sent up and filed, there was no record before the district court, and consequently no issue before such court, and hence there could be no trial. Comp. Laws 1913, § 7607.

*W. J. Courtney,* for respondent.

Where a client and his counsel join in a request for a continuance, and same is acted upon and granted by the court, they waive the right to insist upon a dismissal of the appeal. Toler v. Ayres, 1 Tex. 398;

Coby v. Halthusen, 16 Colo. 11, 26 Pac. 148; Robertson v. O'Reilly, 14 Colo. 441, 24 Pac. 560.

A motion to dismiss an appeal must be made at the earliest possible opportunity. McDonald v. Thompson, 16 Colo. 13, 26 Pac. 146; Ricker v. Collins, 81 Tex. 662, 17 S. W. 378; Hall v. Claiborne, 27 Tex. 217; Anderson v. Webster, 30 Fla. 220, 11 So. 546; Ex parte Ostrander, 1 Denio, 679; Robinson v. Bryan, 34 N. C. (12 Ired. L.) 183.

The failure of the justice of the peace to send up the transcript on appeal does not furnish grounds for a dismissal of the appeal. Clyde v. Parker, 22 Barb. 323.

GRACE, J. (after stating the facts as above). In an appeal from the justice court to the district court the district court acquires jurisdiction when the party appealing serves a notice of appeal, together with the undertaking required by law, and by filing the same with the clerk of the district court, or in lieu of such undertaking, the deposit required by law, as prescribed in § 9170, Compiled Laws of 1913. If at the time the notice of appeal and undertaking are to be served, the party on whom they are to be served is not within the state or cannot be conveniently found, which facts appear by the return of the sheriff filed with the justice of the peace, and has not appeared by attorney, a service of such notice of appeal and undertaking may be made upon the justice rendering the judgment.

In appeals from the justice court to the district court, where the appeal is taken by the defendant, it is not necessary to serve an answer unless the judgment was taken by default. In this case the plaintiff filed his complaint in the justice court and the defendant answered orally. Therefore the district court would acquire jurisdiction upon the proper service of the notice of appeal and undertaking as required by § 9163, Compiled Laws of 1913.

Section 9170, Compiled Laws of 1913, provides in substance, that upon the filing of a notice of appeal and undertaking, or the making of the deposit prescribed in § 9168, in the office of the clerk of the district court, the clerk shall immediately mail to the justice of the court in which the judgment appealed from was rendered, a written notice thereof, specifying the court in which the judgment was rendered, the names

of the parties, the date and amount of the judgment appealed from, and stating whether the undertaking filed or the deposit made entitles the appellant to a stay of execution, and requiring such justice to transmit to such clerk the record required by law. Such justice must, within ten days after the receipt of such notice, transmit to the clerk of the district court a record which shall contain a certified copy of the justice's docket, the pleadings, and all notices, motions, and other papers filed in the cause. The justice may be compelled, by the district court by order entered upon motion, to transmit such record, and may be fined for neglect or refusal so to do. A certified copy of such order may be served on the justice by the party or his attorney.

The district court made an order requiring the justice of the peace to comply with the provisions of this section. The order was made upon the motion of the defendant. There is nothing in the record to show that the same was served or ever attempted to be served, or that any proceedings were had to compel the justice of the peace to comply with the terms of such section by certifying to the record and transmitting the same to the clerk.

There is some intimation in the record that the justice's records were either lost or destroyed, but there is no proof thereof. The service of the notice of appeal and undertaking and the filing thereof, as we have said, gives the court jurisdiction of the case, but the same cannot ordinarily be tried until the justice certifies up his record. That has not been done in this case, nor was such justice served with the order requiring him to do so. The record of the justice would contain the pleadings of the parties, the different exhibits offered at the trial, and other matters. The offer of the defendant and appellant to stipulate as to certain of these matters amounted to nothing, the plaintiff refusing to stipulate. The plaintiff had the statutory right to have a certified record of the justice of the peace in the district court before proceeding to trial. If the justice failed or refused to certify such record to the district court, and the defendant failed and neglected to take steps to compel him to certify the records to the district court, or the defendant fails to show cause why he could not have the records certified to the district court, the appeal should be dismissed on notice and motion of the plaintiff, or upon motion made in open court when the parties are present by their attorneys. Plaintiff did make such a mo-

tion, and it should have been granted, unless the court was disposed to grant further time to have such justice's records certified to the district court. Any attempted trial of these issues in the district court in the manner disclosed by the record was entirely ineffective, and was in no way binding upon the plaintiff, he not having participated therein.

The discussion of the claims of the defendant, as shown by his testimony at the attempted trial in the district court, would be mere *obiter;* but we might refer to it even if it be considered *obiter,* for the purpose of disposing of this litigation. Defendant does not claim to be the owner of the property, but claims only a lien for pasturage. If the action was between the plaintiff and the owner of the property, the defendant's position might have some force, but as against the holder of a prior chattel mortgage lien, the defendant's lien for pasturage has no priority excepting for a period of ten days after the receipt of the property, unless the defendant had within ten days served upon the holder of such chattel mortgage lien, if known, or if a resident of the state, the notice required by § 6846, Compiled Laws of 1913. The defendant does not by his testimony disclose the giving of any such notice, and could claim no lien beyond the ten days, unless he had given such notice.

Plaintiff has presented on this appeal a statement of the case, duly settled. This statement shows the proceedings had below, and contains a transcript of all the evidence offered upon the trial.

We are aware that ordinarily the questions presented on this appeal could not be raised unless a motion was made in the trial court to vacate the judgment. And we believe it would have been better practice to have done so in this case. We do not believe, however, that such motion is absolutely essential. For in this state an appeal may be taken from a default judgment. Comp. Laws 1913, § 7820. And the statute provides that "all remarks of the court made during the trial and all orders or decisions made in the absence of a party" are deemed excepted to, "and they may be reviewed . . . upon motion for a new trial or upon appeal, as fully as if exception thereto had been expressly taken." Comp. Laws 1913, § 7653.

The judgment appealed from is in all things reversed, and the case is remanded to the District Court for further proceedings in accordance with law.

ROBINSON, J. (dissenting). This action was commenced before a justice of the peace of Barnes county to recover two horses claimed under a chattel mortgage lien. The defendant claims a prior lien for the keeping of the horses at the request of the mortgagor and the owner of the property. If he had not kept and cared for the horses, they might have perished. Hence, he claims a lien for the care of them.

On January 20, 1915, it seems judgment was given for plaintiff, and defendant duly appealed; but the justice went out of office, left the state, made no return to the appeal, and we have no proof that he left a successor or a docket. There is nothing to show that he ever made any docket entries or kept a docket, and the chances are that he did not. There is on file a paper in the form of a judgment in favor of the plaintiff dated January 20, 1915, signed: "A. J. Beckley, Justice of the Peace."

In the trial court there was made an order that the justice or his successor in office make a return to the appeal, but no return was made. The justice was not in the state. The case was on the court calendar three terms, and adjourned from time to time by consent of the parties, and on the fourth term it seems the judge gave notice to the attorneys that it must be tried and disposed of, and he termed it a "pestiferous" case. So, it was called for trial on motion of defendant, evidence was submitted and judgment entered in favor of the defendant for $62 and costs. The trial was in absence of the plaintiff and his counsel. The plaintiff appeals without making any motion to vacate the default or to amend or correct any error in the judgment. He assigns error in the failure of the court to dismiss the appeal, in the making and disregarding an order on the justice to return the record, and on calling the case for trial and taking the judgment by default.

The proceedings were grossly irregular, and it seems the attorneys showed a disposition to play horse with the case. It had been on the court calendar for three terms, and at the fourth term it seems that the judge was determined to dispose of it, and so he gave notice that they must be prepared to try the case. Clearly the court had jurisdiction of the case and a right to rescind or disregard his own orders.

The plaintiff appeals and assigns error in the failure of the court to dismiss the appeal, the making and then disregarding an order for a return of the record, and the entry of judgment. There was no motion

to open the judgment or to correct it in any manner; no attempt to excuse the default and no affidavit of merits; no showing that the plaintiff had a cause of action.

Certain it is the court had jurisdiction of the action and a right to rescind and disregard its own orders, and to insist that action be tried or dismissed. That was all a matter of pure discretion with the trial court. It seems the judment is irregular; it is against the defendant personally when it should deal with the horses only, unless the plaintiffs had possession of the horses; but the specifications of error do not point to such irregularity, and the chances are that neither the court nor the counsel ever thought of it. The judgment may be for too much, but the case is not here for trial or a review on the merits. There is nothing in the record which appeals to the favor of this court. The appeal should be dismissed and plaintiff left to his proper remedy, if any, by motion on a proper showing of merits and an excuse for his default.